UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| GARY SHEPARD, | Case No. 3:20-cv-0062-RCJ-CLB |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| CHARLES DANIELS, *et al*., | |
| Defendants. | |

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections (NDOC). On April 29, 2021, the Court issued a screening order pursuant to 28 U.S.C. §1915A dismissing the complaint with leave to amend and directed Plaintiff to file an amended complaint within 30 days. ECF No. 3. On June 9, 2021, the Court granted Plaintiff's motion for an enlargement of time to June 27, 2021 to file an amended complaint. ECF Nos. 5, 6. The extended period to file an amended complaint has now expired and Plaintiff has not filed an amended complaint.

I.  **DISCUSSION**

District courts have the inherent power to control their dockets and, in the exercise of that power, may dismiss a case where appropriate. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986. A party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules may warrant dismissal of an action with prejudice. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,

1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Further, this factor is mitigated in this matter because § 1915A requires that, before docketing a complaint filed by an inmate, the Court must identify and dismiss any claims that are

2

frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. 1915A. Similarly, under the Prison Litigation Reform Act (PLRA), a federal court must dismiss, at any time, an incarcerated person's claim if the claim "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In the Screening Order, the Court found that Plaintiff failed to state a cognizable claim upon which relief could be granted.  ECF No. 3 at 6-9.  The Court noted the deficiencies of Plaintiff's claims that could be cured by amendment and provided Plaintiff an opportunity to amend his complaint to correct those deficiencies.  By failing to timely amend his complaint, Plaintiff has effectively elected to stand upon a complaint that fails to state a cognizable claim and that cannot succeed on its merits.  *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017).

Finally, a court's warning to a party that his failure to file an amended complaint will result in dismissal satisfies the fifth factor that the court consider less drastic alternatives. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring that Plaintiff file an amended complaint within thirty days expressly stated: "THE COURT FURTHER **ORDERS** that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed with prejudice for failure to state a claim."  ECF No. 3 at 12.  Thus, Plaintiff had adequate warning that dismissal would result from his failure to prosecute this matter by filing an amended complaint within the time provided by the Court.

## II. CONCLUSION

For the foregoing reasons,

3

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE** as Plaintiff has failed to file an amended complaint that states a cognizable claim upon which relief may be granted in compliance with this Court's April 29, 2021 Screening Order and June 9, 2021 Order extending time.

**IT IS FURTHER ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.  Plaintiff shall not be required to pay an initial installment fee. Even though this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **GARY SHEPARD, #69636** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office.  The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and close this case.

DATED THIS 21st day of July, 2021.

_____
Robert C. Jones
United States District Judge